BLUE, Judge.
Alvin and Diana Rachels appeal the trial court’s final order granting summary judgment in favor of Eley International, Inc. in an action for wages due and breach of contract. We reverse because there remain genuine issues of material fact as to the effective dates of the underlying contracts and the nature of the relationship between the parties for services performed by the Rachels in 1992.
In December 1988, Alvin and Diana Ra-chels entered into individual distributor agreements with Eley whereby the Rachels agreed to solicit orders for the sale of cookware and related products on behalf of Eley. Under the terms of the agreements, the Ra-chels agreed that their relationship to Eley would be as independent contractors whose income would be derived from “discounts.” The agreements contained essentially identical terms, including a clause that stated:
The term of this Agreement shall commence upon the date same is executed by the Company and shall continue from such date to and until the next anniversary date of such date. If Distributor has not committed an event of default under the terms of this Agreement, this Agreement shall be automatically renewed for one successive term of one year unless thirty (30) days prior to the anniversary date of the Agreement in the current year either party notifies the other in writing to the contrary.
Based on this- clause, the dealership relationships established lasted for a maximum of two years — an initial one year term that automatically renewed one time for one additional year. The Rachels’ second amended complaint alleged, in pertinent part:
11. The Defendant terminated the relationship with the Plaintiffs in December, 1992 and refused to pay the Plaintiffs the wages and commissions earned by the Plaintiffs during the year 1992.
Eley asserted as an affirmative defense in its answer that the “Plaintiffs have been paid in accordance with the terms of the written agreements entered into between the parties.” It was on the basis of this affirmative defense that the trial court granted summary judgment. However, the written agreements were signed by the parties on December 18, 1988, and expired by their explicit terms on or before December 18,1990. Therefore, the nature of the relationship between the parties for services rendered in 1992 remains an issue of fact that is inappropriate for summary judgment.
Reversed and remanded for further proceedings.
CAMPBELL, A.C.J., and FULMER, J„ concur.